# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Scott Anthony Rabon, aka Scott A Rabon, and Lee Michelle Rabon, aka L. Michelle Devlin-Rabon,<br><br>                Debtors. | Case No. 12-04100-dd<br>Chapter 7<br>Adv. Pro. No. 12-80226 |
| Kevin Campbell, Trustee, and CBC National Bank,<br><br>                Plaintiffs,<br><br>      v.<br><br>Scott A. Rabon and L. Michelle Devlin-Rabon,<br><br>                Defendants. | **ORDER** |

This matter is before the Court on an Amended Application for Settlement and Compromise ("Application") filed by plaintiffs Kevin Campbell ("Trustee") and CBC National Bank ("CBC") (collectively, "Plaintiffs") on July 17, 2013. A response to the Application ("Response") was filed by the United States Trustee ("UST") on July 19, 2013. A hearing was held on September 10, 2013. At the conclusion of the hearing, the Court approved the settlement and granted the Application. The Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Scott Anthony Rabon and Lee Michelle Rabon ("Debtors") filed for chapter 7 relief on July 2, 2012. Trustee filed a Notice to Creditors to File Claims on or about August 16, 2012. CBC is

a creditor of Debtors by virtue of three judgments resulting from deficiencies remaining after foreclosure sales. CBC filed three proofs of claim in Debtors' bankruptcy case: (1) Claim 7-1, in the amount of $143,902.61, filed on August 28, 2012; (2) Claim 9-1, in the amount of $719,192.79, filed on August 24, 2012; and (3) Claim 10-1, in the amount of $48,392.31, filed on August 24, 2012. CBC's allowed claims filed in Debtors' bankruptcy case total $911,487.71.

CBC commenced an adversary proceeding objecting to Debtors' discharge pursuant to 11 U.S.C § 727 on October 15, 2012. The Trustee thereafter joined as a co-plaintiff in CBC's action objecting to Debtors' discharge. The complaint initially included causes of action in which CBC asserted an objection to the dischargeability of the debt evidenced by Claim 7-1 pursuant to 11 U.S.C § 523, but the dischargeability causes of action were later dismissed voluntarily by CBC. The Debtors denied the allegations contained in the adversary complaint. However, ultimately the parties reached an agreement and entered into a settlement agreement on June 21, 2013, under the following terms:

1. Except as provided below, Debtors shall not be entitled to discharge.

2. Upon the Debtors' paying to the Trustee the sum of $40,000 in good funds (bank wire, certified check, or attorney trust account check) within 120 days from and after June 21, 2013, for payment of the Trustee's expenses and commission, allowed priority unsecured claims, and allowed non-priority unsecured claims other than and excluding CBC's claims, the Debtors shall be entitled to discharge of their debts other than their judgment debts to CBC which are the subject of CBC's claims (Claim Nos. 7-1, 9-1, and 10-1); provided, however, that the $40,000 to be paid by the Debtors to the Trustee to be so applied by the Trustee may be reduced dollar-for-dollar by the amount the unsecured priority claims may be reduced prior to the Debtors' payment to the Trustee. The Debtors and the Trustee shall timely review the claims, other than CBC's claims, and file their objections so that the Order resolving objections, if any, is entered prior to the 120 day deadline for the Debtors' payment to the Trustee.

3. Upon the Debtors timely making the above-described payment to the Trustee,

the Trustee will release his claims against the Debtors, including but not limited to any fraudulent transfer claims, any fraudulent preference claims, claims to vehicles, claims to any jet ski, and any claim to Seven Mountain, LLC. Upon the payment by Debtors to Trustee being timely made, the Trustee will also release the Debtors' children, Travis Rabon and Jaimie Rabon, and Harolds R Us, LLC from any claims by the Trustee.

4.    Debtors have deposited with their attorney and their attorney is holding in escrow the sum of $10,000 pending the Court's approval of the parties' settlement agreement. In the event that the Debtors should default on the payment to the Trustee, the Debtors' attorney shall pay over to the Trustee the $10,000 being held in escrow, and the Debtors agree and consent for the court to enter an order denying the Debtors discharge.

5.    Even though the Debtors may timely make the payment to the Trustee specified above and thereby become entitled to discharge of their debts other their debts to CBC, the Debtors have agreed and shall consent to an order providing that the Debtors' debts to CBC, which include three unsecured claims filed by CBC arising out of CBC's deficiency judgments against the Debtors, Claim Nos. 7-1, 9-1, and 10-1, are not discharged and shall not be discharged, that the amounts of CBC's claims are correct, that the claims are allowed as filed, and that the judgments have accrued interest since the date of Debtors' filing this case and shall continue to accrue interest according to state law. The Consent Order shall be entered upon approval of this agreement by the court. CBC shall file certified copies of the Consent Order in the judgment roll files for the judgments upon which CBC's claims are based.

6.    CBC has and shall have the right to resort to all statutory and common law rights, remedies and methods for collection of the judgments; provided, however, that CBC shall not resort to or employ such rights and remedies and shall not pursue any further collection actions so long as Debtors pay CBC $150,500.00 by timely payments to CBC in good funds (bank wire, certified check or attorney trust account check) as provided in the following schedule:

    $3,500 on or before December 1, 2013
    $3,500 on or before January 1, 2014
    $3,500 on or before February 1, 2014
    $7,000 on or before May 1, 2014
    $7,000 on or before August 1, 2014
    $7,000 on or before November 1, 2014
    $7,000 on or before February 1, 2015
    $7,000 on or before May 1, 2015
    $7,000 on or before August 1, 2015
    $7,000 on or before November 1, 2015
    $7,000 on or before February 1, 2016
    $7,000 on or before May 1, 2016
    $7,000 on or before August 1, 2016
    $7,000 on or before November 1, 2016

        $7,000 on or before February 1, 2017
        $7,000 on or before May 1, 2017
        $7,000 on or before August 1, 2017
        $7,000 on or before November 1, 2017
        $7,000 on or before February 1, 2018
        $7,000 on or before May 1 ,2018
        $7,000 on or before August 1, 2018
        $7,000 on or before November 1, 2018
        $7,000 on or before February 1, 2019

7. Upon Debtors paying to CBC the $150,500.00 by timely payments in accordance with the forgoing schedule, CBC shall satisfy the three judgments in full.

8. In the event that Debtors should fail to timely make anyone of the payments provided for in the foregoing schedule, CBC shall have the right (a) to file in the respective judgment roll files partial satisfactions showing credit for all payments theretofore made by Debtors, prorating the payments made in accordance with the relative amounts of the three judgments as stated in CBC's three claims, and applying the payments so pro-rated first to interest and then to principal, and (b) upon filing those partial satisfactions to proceed immediately with all CBC's statutory and common law rights and remedies for collection of the judgments.

9. The Debtors shall cause their company Rabco, LLC to assign to CBC, a judgment creditor of Rabco, all Rabco's rights to the $1,590.81 overage held by the Beaufort County Treasurer on the tax sale of The Oaks Mobile Home Park, such assignment to be on forms provided by CBC including terms for appropriate limited indemnification of CBC by Rabco. Any recovery by CBC pursuant to this assignment is in addition to any other payments required by this settlement.

Plaintiffs filed the Application on July 17, 2013,[1] seeking the Court's approval of the terms of the settlement. The UST filed its Response to the Application on July 19, 2013, arguing that the proposed settlement "favor[ed] the interests of CBC . . . as opposed to the interests of the entire creditor body." UST's Response, at pg 8.

## **CONCLUSIONS OF LAW**

Courts are not in agreement regarding whether an action brought pursuant to 11 U.S.C. § 727 can be settled. Some courts considering proposed settlements of section 727 proceedings find simply that an action under section 727 cannot be settled under any circumstances. *Note*

---

[1] The original Application for Settlement and Compromise, docket #47, was filed on the same day as the Amended Application for Settlement and Compromise, docket #48.

4

*Buyers, Inc. v. Cooler (In re Cooler)*, 1999 Bankr. LEXIS 2053, at *4 (Bankr. D.S.C. June 1, 1999). Other courts have held that section 727 actions "may be settled in exchange for monetary consideration" or "for the payment of money." *Cooler*, 1999 Bankr. LEXIS 2053, at *4, *5.

In *Note Buyers, Inc. v. Cooler*, 1999 Bankr. LEXIS 2053, this Court considered a proposed settlement of a section 727 action between a judgment creditor and the debtors. The United States Trustee objected to the proposed settlement.[2] *Cooler*, 1999 Bankr. LEXIS 2053, at *3, *4. The United States Trustee argued that a section 727 action could not be settled unless the proceeds of the settlement were paid entirely to the bankruptcy estate, but agreed that all other terms of the settlement were reasonable. *Id.* at *5.

The Court first looked to Fed. R. Bankr. P. 7041, and found that the language of the rule makes clear that, while notice of the terms of settlement and close scrutiny of the terms of the settlement are required, a per se rule that section 727 actions cannot be settled is not appropriate. *Id.* at *7. The Court next considered general principles relating to the settlement of disputes, stating, "It is well established that settlement should be encouraged. *Rule 1001 of the Federal Rules of Bankruptcy Procedure* provides that the rules 'shall be construed to secure the just, speedy and inexpensive determination of every case and proceeding.'" *Id.* at *8.

Finally, the Court turned to the proposed settlement before it. The Court noted that the United States Trustee conceded that the terms of the settlement were reasonable, and also noted that the parties to the adversary had reviewed the grounds on which the objection to discharge were based "in great detail" with the chapter 7 trustee, yet the chapter 7 trustee had chosen not to pursue any objection to discharge for the general benefit of the creditors. *Id.* at *9, *10. The

---

[2] Another creditor of the debtors also objected to the settlement, but did not serve its objection on the parties and did not appear at the hearing on the settlement, so the court overruled its objection.

5

Court then looked to various policy considerations supporting the position that section 727 actions should be settled under certain circumstances. *Id.* at *12-*14. The Court held that settlements dealing with section 727 causes of action should be closely scrutinized and concluded:

> For all of these reasons, it appears that the dismissal and settlement in this adversary proceeding should be approved. There is no dispute that the amount of the settlement is fair and reasonable. There is no evidence of creditor overreaching or of the Debtors buying a discharge from hidden assets. The Debtors appear to be paying the settlement proceeds from post-petition earnings that are not assets of the estate or from the Debtors children; consequently, there is no harm to the estate. No creditor or other party in interest, including the United States Trustee, has requested that it be substituted for the purpose of pursuing the matter to trial. Finally, the facts and circumstances surrounding the objection to discharge were reviewed in detail with the Chapter 7 Trustee. In considering all the facts and circumstances of the case, it appears that the dismissal and settlement should be approved.
>
> The Court believes it is best to consider such dismissals and settlements on a case by case basis, under the circumstances and conditions before the Court, and not establish a *per se* rule prohibiting dismissal unless the estate receives the proceeds. However, the Court herein does establish the rule that all dismissals and settlements of objections to discharge, including where a *§ 727* action accompanies an action seeking an exception to the dischargeability of a debt under *§ 523*, should be noticed to the Chapter 7 Trustee, United States Trustee, and all creditors unless otherwise ordered in a particular case. Giving those parties a full and adequate opportunity to examine the dismissal and settlement assists the Court in giving such matters close scrutiny.

*Id.* at *14-*16. This Court's ruling was appealed to the District Court and was affirmed on appeal.

Utilizing the approach set forth by this Court, and affirmed by the District Court, in *Cooler*, the Court has examined the proposed settlement and finds that it is fair and reasonable and should be approved. All creditors have received notice of the terms of the settlement, and no creditors have objected or appeared in this adversary. The Trustee was directly involved in the settlement negotiations and is advocating for the proposed settlement. The UST stated in its

6

Response that the fairness of the settlement agreement should be carefully scrutinized. The settlement provides that unsecured creditors will receive some money, albeit a small portion of their claims, and priority creditors are getting paid the full value of their claims. Additionally, Trustee's special counsel and general counsel have given up certain of their attorneys' fees.

While CBC is receiving treatment different from the other creditors under the terms of the settlement, CBC would ultimately receive only a small portion of the over $900,000.00 in total debt it is owed by Debtors, but only if the Debtors actually make the payments proposed by the terms of settlement. Moreover, the proposed payment schedule would be by monthly payments over a period of over five years, which further reduces the value of the payments. The terms of the settlement also provide that CBC's debt will not be discharged; however, CBC's right to pursue its claims against the Debtors after the bankruptcy may have only limited value. The Debtors have just completed a chapter 7 bankruptcy case in which the Trustee has determined that, other than those assets involved in this adversary proceeding; Debtors do not own any other assets which could be liquidated to satisfy the claims of creditors.

Much of the focus on the settlement at the hearing on the United States Trustee's response to the application for settlement was on the equivalency of the treatment of CBC and the other creditors. The testimony indicated a rough equivalency in treatment that satisfies this Court's concerns over the settlement, especially given the difficulty in weighing the present value of the streams of payment given the differences in time and the unknown of the future ability to repay the debts. Additionally, CBC has funded the litigation to date and proffered that it may not be willing to continue to do so. No other party has indicated a willingness to undertake the litigation.

Finally, and significantly, the settlement provides the Debtors with a better opportunity

7

for a fresh start than they might be entitled to otherwise.  The settlement provides Debtors with the opportunity to make a limited number of payments to one of their creditors, and upon completion of the payments, Debtors' obligation to CBC will be discharged.  Additionally, upon payment of $40,000.00 into the bankruptcy estate, Debtors will receive a discharge of their other debts.  Clearly, this is a better result for Debtors than one of the two possible results had this adversary been litigated to its conclusion.

After careful consideration of the settlement the Court finds that the terms of the settlement are fair and reasonable and that the settlement is in the best interests of the estate.

## CONCLUSION

For the reasons set forth above and based on the specific facts of this case, the Court approves the settlement. Trustee is hereby authorized to sign any and all documents which may be necessary to effectuate the settlement, and the parties are hereby authorized to submit for the Court's consideration any additional orders contemplated by the settlement agreement. The adversary proceeding is dismissed

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**09/23/2013**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 09/23/2013